**Edwin A. Harnden,** OSB No. 72112
eharnden@barran.com
**Richard C. Hunt,** OSB No. 68077
rhunt@barran.com
Barran Liebman LLP
601 SW Second Avenue
Suite 2300
Portland, Oregon  97204-3159
Telephone: (503) 228-0500
Facsimile:  (503) 274-1212
   Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **WELLS FARGO BANK, N.A.,** a South Dakota Corporation,<br><br>                                                  Plaintiff,<br><br>     v.<br><br>**MICHAEL S. TINNEY, LUCAS M. NEWMAN, TYLER J. CHURCH,** and **RYAN R. JONES,**<br><br>                                                  Defendants. | CV. 11-399 BR<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY** |

## INTRODUCTION

Pursuant to the Court's order of October 4, 2011, defendants submit this supplemental memorandum of points and authorities in support of defendants' emergency motion for protective order.

Defendants' proposed protective order affords the opportunity for in-house counsel at

Page 1 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1
**BARRAN LIEBMAN** LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR  97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Wells Fargo and in-house counsel at First Republic to examine documents marked "Attorneys Eyes Only." In contrast, plaintiff's proposed protective order would only allow in-house counsel for Wells Fargo to examine documents marked "Attorneys Eyes Only."

The Court should either adopt defendants' proposed protective order giving both bank entities' in-house attorneys an equal opportunity to examine "Attorneys' Eyes Only" documents or, in the alternative, if the Court decides that it is not appropriate for First Republic's General Counsel to examine "Attorneys' Eyes Only" documents, then it should enter an order restricting disclosure of "Attorneys' Eyes Only" documents to all in-house counsel, including the in-house counsel for Wells Fargo.

## DISCUSSION

1.  **First Republic's corporate counsel should have equal rights to the "Attorneys' Eyes Only" documents even though First Republic is not named as a party to the litigation.**

Although First Republic is not a party to this litigation, numerous allegations of Wells Fargo are directed at First Republic and/or seek relief that would affect First Republic. Examples of plaintiff's allegations directed at First Republic and the reasons why First Republic should have an opportunity to defend those allegations by examining Wells Fargo's "Attorneys' Eyes Only" documents include the following.

Plaintiff alleges that it believes that defendants "in concert with First Republic" transmitted to First Republic the names, addresses, and other information contained in the Wells Fargo records. (Pl's Compl., ¶ 26(c).) Defendants and First Republic dispute this allegation. In order to defend against this allegation, attorneys for defendants and First Republic are entitled to know what names, addresses, and other information contained in Wells Fargo's records plaintiff contends were transmitted. Defendants have requested production of those documents. If Wells Fargo marks the documents as "Attorneys' Eyes Only," then First Republic's in-house counsel should be able to examine documents and discuss them with First Republic's outside retained

Page 2 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500    FAX (503) 274-1212

counsel (Barran Liebman) to determine whether some of the documents that allegedly were transmitted by defendants contained information that was already in First Republic's possession.

In addition, Wells Fargo in its subpoena directed to First Republic asked that all documents delivered by defendants to First Republic after January 27, 2011, regardless of whether those documents came from Wells Fargo or some other source, must be produced. Magistrate Judge John Jelderks observed that this item of Wells Fargo's subpoena (Item No. 8) is "really overly broad." (Tr. 43.)[1]  As a result, Magistrate Judge Jelderks directed that the attorneys for plaintiff and defendants confer about this item and a number of other items in Wells Fargo's subpoena. (10/6/11 Hunt Decl; Dkt. 47.)  It would be an unfair advantage for in-house counsel for Wells Fargo to examine all documents delivered by defendants (regardless of their source) to First Republic for the period January 27, 2011, to the present (even though most, if not all, of those documents came from sources other than Wells Fargo).  Essentially this would permit Wells Fargo's in-house counsel to examine all of the documents reflecting communications from defendants to others at First Republic regardless of whether those documents had anything to do with Wells Fargo.

Plaintiff alleges that it believes that defendants have taken the names, addresses, and phone numbers and financial information of Wells Fargo clients and are using that on behalf of First Republic.  (Pl's Compl., ¶ 27(a), (b)).)  Defendants and First Republic dispute this allegation.  Wells Fargo in its subpoena to First Republic asked that any and all lists of clients used by defendants during their employment at First Republic be produced.  Defendants and First Republic objected to this request and argued that prospect lists and customer lists belonging to First Republic should not be produced and that defendants took no lists from Wells Fargo. Wells Fargo contends that Wells Fargo clients' identities are not readily ascertainable to the public or to Wells Fargo's competitors (including First Republic).  Defendants and First

---

[1] Excerpts from the transcript of the hearing of July 28, 2011, before Magistrate Judge Jelderks (Dkt. # 49) are attached as Exhibit 1 to the Declaration of Richard C. Hunt filed herewith (10/6/11 Hunt Decl.).  Citations to the transcript are referred to herein as "Tr."

Page 3 -  SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

Republic dispute this allegation, but in order to effectively defend against this allegation, First Republic's in-house counsel would need to be consulted if Wells Fargo marks the documents supporting this claim as "Attorneys' Eyes Only."

In paragraph 47 of plaintiff's complaint Wells Fargo alleges that defendants breached their duty of loyalty by misappropriating and using confidential and trade secret information for their own benefit and First Republic's benefit. Defendants and First Republic dispute this allegation, but in order to effectively defend against the allegation, defendants need to know what it is that Wells Fargo is claiming was misappropriated and used for the benefit of defendants and First Republic. If the documents supporting Wells Fargo's allegation are marked "Attorneys' Eyes Only," First Republic's General Counsel should be allowed to assist in the defense of this allegation.

In their prayer Wells Fargo asks that injunctive relief be entered prohibiting defendants "(and those acting in concert with them)." Although First Republic has not been named as a defendant, to the extent that Wells Fargo is seeking injunctive relief that may affect First Republic, First Republic has a direct and important stake in the outcome of the litigation.

Also in Wells Fargo's prayer it seeks "an accounting for any and all proceeds, earnings, benefits and profits derived from the Defendants' wrongful conduct." To the extent that Wells Fargo is entitled to an "accounting" (which is disputed), it is possible that accounting would require participation by First Republic.

In summary, First Republic, although not named as a party, is repeatedly referenced in Wells Fargo's complaint. The complaint seeks relief that would directly affect First Republic. First Republic therefore should have a right to protect its interests as if it were a party. If First Republic's General Counsel does not have access to Wells Fargo's "Attorneys' Eyes Only" documents, then the outside attorneys for First Republic and defendants will be prejudiced and harmed in their ability to understand and evaluate documents produced under the "Attorneys'

Page 4 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Eyes Only" designation. Counsel for defendants and First Republic would not be able to gather information directly from the individual defendants because of the "Attorneys' Eyes Only" designation. There would be nobody at First Republic to whom First Republic's outside counsel would be permitted to speak, absent an order that permitted outside counsel (Barran Liebman) to speak with the General Counsel for First Republic.

2. **Wells Fargo has asked to depose First Republic managers and officers.**

Plaintiff's counsel has made it known that he wishes to take the deposition of Robert L. Thornton, President of First Republic Investment Management, Inc., and Tige Harris, the Senior Managing Director of First Republic in Portland. Defendants requested production of documents from Wells Fargo that it believes would be helpful in preparing for the depositions of Messrs. Thornton, Harris, and other managers of First Republic. Wells Fargo has not produced the documents. When and if the documents are produced, and if designated as "Attorneys' Eyes Only" by Wells Fargo, then defendants under Wells Fargo's version of the protective order would be precluded from discussing or reviewing those documents with First Republic's General Counsel.

3. **Adoption of a protective order that gives Wells Fargo's in-house counsel access to documents but denies First Republic's General Counsel access to documents creates an unfairness and is prejudicial to First Republic.**

Wells Fargo recognizes the integral relationship of First Republic to this litigation. As a consequence, it has conducted some parallel and/or overlapping discovery of defendants and First Republic (via subpoena).

If Wells Fargo is able to obtain documents from defendants and First Republic (via subpoena) that are marked "Attorneys' Eyes Only" and share, discuss, and evaluate those documents with Wells Fargo's in-house counsel, then First Republic, which is being asked to produce documents, should have a similar right to review Wells Fargo's "Attorneys' Eyes Only" documents with General Counsel for First Republic.

Page 5 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Concepts of fairness dictate that the court should allow reciprocal access to in-house counsel for both corporate entities. If Wells Fargo's in-house counsel can look at First Republic's "Attorneys' Eyes Only" documents but a similar right is not accorded to First Republic's in-house counsel, then this creates an uneven playing field and prejudices First Republic. While aggressively seeking document production from First Republic, Wells Fargo should not be able to preclude First Republic's General Counsel from reviewing Wells Fargo's "Attorneys' Eyes Only" documents merely because Wells Fargo did not name First Republic as a party to the litigation.

4. **The risks of disclosure are no more serious with in-house counsel for First Republic than they are with in-house counsel for Wells Fargo.**

The general Federal approach of whether to share "Attorneys' Eyes Only" documents with in-house counsel is to determine whether there is an unacceptable risk of or opportunity for disclosure. These same risks exist for both corporate entities.

In *U.S. Steel Corporation v. The United States and U.S. International Trade Commission*, 730 F.2d 1465 (Fed. Cir. 1984), which is the leading authority on protective orders distinguishing between outside and inside counsel, the court discussed:

> *  *  * Like retained counsel, however, in-house counsel are officers of the court, are bound by the same Code of Professional Responsibility, and are subject to the same sanctions. In-house counsel provide the same services and are subject to the same types of pressures as retained counsel. The problem and importance of avoiding inadvertent disclosure is the same for both. *  *  * Whether an unacceptable opportunity for inadvertent disclosure exists, however, must be determined, as above indicated, by the facts on a counsel-by-counsel basis, and cannot be determined solely by giving controlling weight to the classification of counsel as in-house rather than retained.
>
> *  *  *  *  *
>
> Meaningful increments of protection are achievable in the design of a protective order. It may be that particular circumstances may require specific provisions in such orders. In such cases, the order would be developed in light of the particular counsel's relationship and activities, not solely on a counsel's status as in-house or retained.

(730 F.2d at 1468.)

Page 6 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

**BARRAN LIEBMAN LLP**
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

Similarly, see the discussion in *Iconfind, Inc. v. Google, Inc.*, 2011 WL 3501348 (E.D. Ca. August 9, 2011), a patent infringement lawsuit, in which the court discussed:

> * * * the court distinguished administrative and oversight duties from activities in which counsel play a "significant role in crafting the content of patent applications or advising clients on the direction to take their portfolios." [citation omitted] The court explained that the latter group of activities—including "strategically amending or surrendering claim scope during prosecution"—posed a more significant risk of inadvertent disclosure than the former. [citation omitted] In order to determine the risk, the court is required to "examine all relevant facts surrounding counsel's actual preparation and prosecution activities, on a counsel-by-counsel basis." [citation omitted]
> (2011 WL 3501348 at *2.)

The court in *Iconfind* concluded that under the facts of that particular case there was no reason to believe that counsel would either inadvertently or intentionally use the opponent's (Google's) confidential information.

Likewise, in *Fluke Corp. v. Fine Instruments Corp.*, 1994 WL 739705, 32 U.S.P.Q.2d 1789 (W.D. Wash. 1994) the court allowed in-house counsel to review documents. The court's reasoning applies equally to in-house counsel for Wells Fargo and First Republic:

> The standard in determining the scope of in-house counsel's access to confidential information is set forth in Brown Bag Software v. Symantec Corp., 960 F.2d 1465 (9th Cir.1992); and U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed.Cir.1984). In Brown Bag, the Ninth Circuit balanced the interests of the parties in determining whether in-house counsel should have access to confidential information. On the one hand, a party seeking discovery is entitled to all information that is "reasonably calculated to lead to the discovery of admissible evidence." Brown Bag, 960 F.2d at 1470. On the other hand, the responding party is entitled to be free from an " 'undue burden' in discovery, including protection from misuse of trade secrets by competitors." Id. (citing Fed.R.Civ.P. 26(c)).
>
> The Brown Bag court, adopting the analysis put forward in U.S. Steel, held that the proper review of protective orders in cases such as this requires the district court to examine factually all the risks and safeguards surrounding inadvertent disclosure by any counsel, whether in-house or retained. Further, the nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures factors into decisions on the propriety of such protective orders. Id.
>
> (1994 WL 739705 at *4)

In the case at bar the General Counsel for First Republic has provided a declaration

Page 7 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

confirming his role as First Republic's General Counsel which includes providing legal advice and monitoring activities of outside counsel. First Republic's General Counsel also confirmed that he will not disclose or discuss matters marked "Attorneys' Eyes Only" by Wells Fargo with others at First Republic. See Declaration of Edward J. Dobranski, General Counsel of First Republic Bank, filed in support of defendants' emergency motion for protective order.

5.  **If the court denies reciprocal access to in-house counsel for First Republic, then it should deny access to in-house counsel for both corporate entities—Wells Fargo and First Republic.**

In *Excellus Health Plan, Inc. v. Tran*, 222 F.R.D. 72 (W.D.N.Y. 2004) the Federal District Court for the Western District of New York ordered supervised *in camera* review of business records subpoenaed from non-party competitors. However, the court was careful to safeguard this examination and specifically provided:

> [U]nder no circumstances shall any documents stamped "Confidential—Counsel Only" be shown to any individual party or employee of any party, including in-house counsel * * *  (222 F.R.D. at 73-74.)

Wells Fargo has sought to examine First Republic's confidential client lists and prospect lists, confidential client information, confidential fee arrangements with First Republic's clients, and other trade secrets of First Republic. First Republic and defendants moved to quash these subpoenaed requests (Dkt. ## 13, 15, 17) and Magistrate Judge Jelderks ruled that Wells Fargo's subpoena as to these items must be quashed (10/6/11 Hunt Decl; Dkt. #47). However, Wells Fargo seeks similar document requests directed to defendants. The court should not allow Wells Fargo or its employees, including in-house counsel, to examine these documents by seeking the same documents under a document request directed to defendants, unless in-house counsel for both entities are permitted to examine documents.

## CONCLUSION

For the foregoing reasons, the Court should adopt defendants' proposed protective order and allow equal access to in-house counsel for Wells Fargo and First Republic to documents

Page 8 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500  FAX (503) 274-1212

marked by either party as "Attorneys' Eyes Only." In the alternative, if the Court does not adopt defendants' form of protective order, then it should decline to adopt plaintiff's version of the protective order and specifically paragraph 10(b) which allows Wells Fargo's in-house counsel to view "Attorneys' Eyes Only" documents but does not allow a reciprocal right to First Republic's General Counsel.

DATED this 6th day of October 2011.

BARRAN LIEBMAN LLP

By *s/Richard C. Hunt*
Richard C. Hunt, OSB No. 68077
Edwin A. Harnden, OSB No. 72112
Telephone: (503) 228-0500
Attorneys for Defendants

Page 9 - SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY

00221621.1

BARRAN LIEBMAN LLP
601 SW SECOND AVENUE, SUITE 2300
PORTLAND, OR 97204-3159
PHONE (503) 228-0500   FAX (503) 274-1212

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2011, I served the foregoing **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PROTECTIVE ORDER PERMITTING DESIGNATION OF CONFIDENTIAL MATERIAL AND CONFIDENTIAL MATERIAL FOR ATTORNEYS' EYES ONLY** on the following parties at the following addresses:

> Lawrence R. Cock
> Cable, Langenbach, Kinerk & Bauer, LLP
> 1000 Second Avenue, Suite 3500
> Seattle, WA 98104-1048

by the following indicated method(s) set forth below:

- ☒ **Electronic Filing using the Court's ECF System**
- ☐ **Email**
- ☐ **Facsimile**
- ☐ **First-class mail, postage prepaid**
- ☐ **Hand-delivery**
- ☐ **Overnight courier, delivery prepaid**

*s/Richard C. Hunt*
_____
Richard C. Hunt

CERTIFICATE OF SERVICE