IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


WELLS FARGO BANK, N.A.,                    11-CV-399-BR

       Plaintiff,

                                ORDER

v.

MICHAEL S. TINNEY, LUCAS M.
NEWMAN, TYLER J. CHURCH, and
RYAN R. JONES,

       Defendants.


LAWRENCE R. COCK
Cable Langenbach Kinerk & Bauer, LLP
1000 Second Avenue, Suite 3500
Seattle, WA 98104-1048
(206) 292-8800

       Attorneys for Plaintiff

RICHARD C. HUNT.
Barran Liebman, LLP
601 S.W. Second Avenue, Suite 2300
Portland, OR 97204-3159
(503) 228-0500

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Emergency Motion (#62) for Protective Order.  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.


## BACKGROUND

On March 30, 2011, Plaintiff Wells Fargo filed its Complaint in this Court seeking, *inter alia*, injunctive relief to enforce certain employment agreements with Defendants, former employees of Wells Fargo who left Plaintiff's employ in January 2011 for employment with a competitor, nonparty First Republic.  Plaintiff alleges Defendants violated the terms of their agreements with Plaintiff that restricted Defendants' use of Plaintiff's trade secrets and confidential client information for one year after leaving Plaintiff's employ.  The parties are currently engaged in discovery.

On September 20, 2011, Defendants filed their Emergency Motion for Protective Order seeking entry of a protective order to govern certain discovery documents that the parties have determined to be confidential.  In their Memorandum in Support, Defendants notified the Court that the parties "have agreed to all aspects of a protective order except the provision relating to limiting disclosure of certain documents designated attorneys'

2 - OPINION AND ORDER

eyes only."  Specifically, Defendants request the Court to either permit nonparty First Republic, Defendants' current employer, to review materials marked "Attorneys' Eyes Only" or to otherwise restrict Plaintiff Wells Fargo's in-house counsel from reviewing such materials.

At the hearing on October 4, 2011, the Court permitted Defendants to file a supplemental memorandum in support, which Defendants filed on October 6, 2011.  On October 11, 2011, Plaintiff filed its Response.  The Court addressed the Motion at oral argument on October 13, 2011.


## STANDARDS

The Ninth Circuit has set out the standards for determining whether a protective order may distinguish between a party's retained and in-house counsel for disclosure of sensitive information:

> We turn to *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), as the leading authority on protective orders distinguishing between outside and in-house counsel.  *See also Matsushita Elec. Indus. Co. v. United States*, 929 F.2d 1577, 1579 (Fed. Cir. 1991)(applying U.S. Steel analysis).  The *U.S. Steel* court cautioned against arbitrary distinctions based on type of counsel employed, noting that in practice the risk of inadvertent disclosure of trade secrets obtains equally for both kinds of counsel.  730 F.2d at 1468.  The *U.S. Steel* court concluded that, to evaluate the risk of inadvertent disclosure, a court should examine the factual circumstances of any

counsel's relationship to the party demanding
access. *Id.* A crucial factor in the *U.S.*
*Steel* case was whether in-house counsel was
involved in "competitive decisionmaking";
that is, advising on decisions about pricing
or design "made in light of similar or
corresponding information about a
competitor." *Id.* at 1468 n. 3.

Thus, proper review of protective orders
in cases such as this requires the district
court to examine factually all the risks and
safeguards surrounding inadvertent disclosure
by any counsel, whether in-house or retained.
Further, the nature of the claims and of a
party's opportunity to develop its case
through alternative discovery procedures
factors into decisions on the propriety of
such protective orders.

*Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th

Cir. 1992).


## DISCUSSION

In their Supplemental Memorandum, Defendants characterize

the dispute between the parties as follows:

Defendants' proposed protective order affords
the opportunity for in-house counsel at Wells
Fargo and in-house counsel at First Republic
to examine documents marked "Attorneys Eyes
Only."  In contrast, plaintiff's proposed
protective order would only allow in-house
counsel for Wells Fargo to examine documents
marked "Attorneys Eyes Only."

The Court should either adopt
defendants' proposed protective order giving
both bank entities' in-house attorneys an
equal opportunity to examine "Attorneys' Eyes
Only" documents or, in the alternative, if
the Court decides that it is not appropriate
for First Republic's General Counsel to

4 - OPINION AND ORDER

          examine "Attorneys' Eyes Only" documents,
          then it should enter an order restricting
          disclosure of "Attorneys' Eyes Only"
          documents to all in-house counsel, including
          the in-house counsel for Wells Fargo.

To "effectively defend" Plaintiff's allegations that Defendants "in concert with First Republic" transmitted confidential information and/or trade secrets to First Republic, Defendants contend in-house counsel for First Republic should be permitted to review and to discuss the documents marked "Attorneys' Eyes Only" with retained counsel for Defendants. Defendants maintain such access is necessary to "determine whether some of the documents that allegedly were transferred by defendants contained information that was already in First Republic's possession." It is not clear, however, why retained counsel cannot merely review First Republic's files to make such a determination.

Defendants note the parties have already litigated the propriety of Plaintiff's subpoenas directed at First Republic, and Magistrate Judge John Jelderks found some of Plaintiff's discovery requests to be overly broad. Defendants also note Plaintiff seeks to depose First Republic managers and officers. It is not clear why these aspects of this litigation entitle nonparty First Republic's in-house counsel access to "Attorneys' Eyes Only" discovery materials. It appears Defendants are asserting First Republic has a privilege greater than an

otherwise uninterested nonparty would because it has an interest in the outcome of this litigation.  Defendants, however, do not cite any direct legal authority to support such a distinction.

Defendants contend First Republic will be turning over sensitive documents to its competitor, Wells Fargo, and the failure to permit a reciprocal right of review to First Republic would be inadequate and prejudice the defense.  This argument seems to be premised on a perceived harm to First Republic rather than potential harm to Defendants and appears to be based on the risk that Wells Fargo's in-house counsel will somehow permit disclosure of First Republic's confidential or trade-secret materials to Wells Fargo.  In *U.S. Steel Corp. v. United States*, however, the Federal Circuit held it is inappropriate to distinguish between in-house and retained counsel on the basis of a generalized risk of disclosure of confidential information to the client.  730 F.2d 1465, 1468 (Fed. Cir. 1984).

Plaintiff, in turn, emphasizes First Republic is not a party to this lawsuit and that First Republic's involvement has been limited to its receipt from Plaintiff of a "documents only" subpoena (in response to which Plaintiff alleges First Republic has not produced any documents) and to identification by Defendants in their Rule 26 disclosures of two witnesses from First Republic.  Moreover, in its Motions to Quash Plaintiff's subpoenas that were before Magistrate Judge Jelderks, First

6 - OPINION AND ORDER

Republic relied on its status as a nonparty to challenge the breadth of those subpoenas.

In summary, Defendants have not provided any legal authority for the proposition that the in-house counsel of a nonparty competitor should be permitted access to a party's trade secrets and/or confidential information. Defendants also do not present any compelling reasons why Defendants (rather than First Republic) would be prejudiced by the failure to disclose "Attorneys' Eyes Only" materials to First Republic's in-house counsel. Furthermore, Defendants have not made a showing sufficient under *Brown Bag Software* to justify Defendants' alternative proposal to restrict access to "Attorneys' Eyes Only" materials by in-house counsel for both Wells Fargo and First Republic. *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984)("We hold only that status as in-house counsel cannot alone create that probability of serious risk to confidentiality and cannot therefore serve as the sole basis for denial of access."). In any event, the Court points out that it can protect a nonparty like First Republic as to discovery by traditional means of appropriate limitations on the breadth of discovery by Wells Fargo.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Emergency

7 - OPINION AND ORDER

Motion (#62) for Protective Order.  The Court, however, **DENIES** Defendants' Emergency Motion (#62) for Protective Order to the extent that Defendants seek to either permit in-house counsel for nonparty First Republic to review materials marked "Attorneys' Eyes Only" or to otherwise limit access by Plaintiff Wells Fargo's in-house counsel to such documents via such a protective order.

The Court **directs** the parties to file a final form of protective order in accordance with this Order for the Court's approval.

IT IS SO ORDERED.

DATED this 18th day of October, 2011.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER